1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VICTORIA REYES MENDEZ                    Case No.  2:21-cv-01965-DAD-JDP (PS)

12              Plaintiff,                     ORDER GRANTING PLAINTIFF'S
                                               APPLICATION TO PROCEED *IN FORMA*
13         v.                                  *PAUPERIS*

14   SACRAMENTO POLICE OFFICERS,              ECF No. 2

15              Defendant.                     SCREENING ORDER THAT PLAINTIFF:

16                                                 (1) STAND BY HER COMPLAINT
                                                   SUBJECT TO DISMISSAL, OR
17
                                                   (2) FILE AN AMENDED COMPLAINT
18
                                               ECF No. 1
19
                                               THIRTY-DAY DEADLINE
20

21         Plaintiff filed a complaint purporting to assert claims against Sacramento Police Officers,

22   together with an application to proceed *in forma pauperis*.  Her complaint fails to state a claim.  I

23   will give plaintiff a chance to amend her complaint before recommending dismissal.  I will grant

24   plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing

25   required by 28 U.S.C. §§ 1915(a)(1) and (2).

26                          **Screening and Pleading Requirements**

27         A complaint must contain a short and plain statement that plaintiff is entitled to relief,

28   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

                                              1

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

10  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

11  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

12  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

13  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

14  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

15  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17       Plaintiff's complaint does not contain a short and plain statement showing that she is

18  entitled to relief as required by the Rule 8 of the Federal Rules of Civil Procedure.  Instead, the

19  complaint is largely unintelligible and difficult to follow, consisting mostly of disjointed

20  allegations.  *See generally* ECF No. 1.

21       Plaintiff alleges that at an unidentified place or time, Sacramento Police Officer Radcliff,

22  badge number 254, searched her while she was not on parole or probation.  ECF No. 1 at 6.

23  Additionally, she states that she has requested a "stay away order" from the Sacramento Police

24  Department because on August 7, 2021, officers told her that they had received complaints abouts

25  her dogs barking excessively.  She further alleges that an unidentified security officer cut off her

26  dog's collar, killing the dog.  Finally, plaintiff alleges that she took care of Victor Allen Sfukalo,

27  a war veteran, for three years, but was not notified when he passed away.  *Id.* at 6-7.

28

The complaint neither alleges a specific cause of action nor includes facts that support a cognizable legal claim against a specific defendant.  Although pro se pleadings are liberally construed, plaintiff must still identify each defendant's actions that support her claims.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").  Additionally, the allegations must be short and plain, simple, and describe the relief sought.  *See* Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court she wishes to stand by her current complaint.  If she selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.


Dated:    December 16, 2022                            _____
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE